UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ALDEN ANG,

          Plaintiff,

   v.

BMW FINANCIAL SERVICES NA, LLC,

          Defendant.

Case No.  26-cv-00519-BLF

**ORDER GRANTING MOTION TO REMAND**

[Re:  ECF No. 9]

Before the Court is Plaintiff Alden Ang's Motion to Remand.  ECF No. 9 ("Mot."); *see also* ECF No. 12 ("Reply").  Defendant BMW Financial Services NA, LLC ("BMW") opposes. ECF No. 11 ("Opp.").  The Court finds that this motion is suitable for resolution without oral argument and VACATES the hearing set for April 9, 2026.  *See* Civ. L.R. 7-1(b).  For the reasons that follow, the Court GRANTS the motion to remand.

## I.   BACKGROUND

This case arises out of BMW's repossession of a 2024 BMW X7 ("Car") that Ang purchased in November 2023.  ECF No. 1-2 ("Compl.") ¶ 6.  In connection with his purchase, Ang entered into a retail installment sale contract ("RISC"), in which he agreed to make monthly payments towards the Car's price.  *Id.*  The RISC was assigned to BMW.  *Id.*  In July 2025, BMW repossessed the car.  *Id.* ¶ 7.  On August 1, 2025, BMW sent Ang a "Notice of Our Plan to Sell Property."  *Id.* ¶ 8.  Such a notice is known as a "NOI."  *Id.*  BMW followed up on October 8, 2025, with a letter (the "Deficiency Notice") explaining that the Car had been sold and informing Ang that he owed a deficiency balance.  *Id.* ¶ 9.  Ang alleges that BMW "has reported and continues to report to one or more of the credit bureaus" that he owes a deficiency balance.  *Id.* ¶ 10.

United States District Court
Northern District of California

On December 9, 2025, Ang filed suit in the Superior Court of California, County of Santa Clara.  He asserts that the NOI he received does not comply with the Rees-Levering Act, Cal. Civ. Code §§ 2981, et seq., because the document lacks the information required under the statute. Compl. ¶¶ 11–13.  Ang states that BMW "was not entitled to assert, seek, or collect any deficiency balance" from him, *id.* ¶ 14, and also improperly reported to one or more credit bureaus that he owes such a balance, *id.* ¶ 15.  He further alleges that BMW has committed "acts of unfair competition," including by "unlawfully, unfairly, and/or fraudulently claim[ing] that Plaintiff and other members of the general public who are sent a non-compliant NOI . . . owe deficiency balances" and "improperly attempt[ing] to collect" them.  *Id.* ¶ 20.  Ang brings a single cause of action under California's Unfair Competition Law, Cal. Bus. & Prof. Code. §§ 17200, et seq., and "seeks a public injunction" enjoining BMW from engaging in further unfair business practices. Compl. ¶¶ 18–59 & at Prayer for Relief ¶ 1.  Ang also requests an award of attorneys' fees.  *Id.* at Prayer for Relief ¶ 2.

 BMW removed this action on January 16, 2026, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  ECF No. 1 ("Notice of Removal") ¶¶ 2–20. Separately, Ang and BMW are engaged in arbitration proceedings concerning Ang's individual claims arising from the same facts.  *See* Declaration of Joshua A. Gratch in Support of Plaintiff's Motion to Remand, ECF No. 9-1 ("Gratch Decl.") ¶ 2.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  They may adjudicate only those cases that the Constitution and Congress authorize them to adjudicate, such as those involving diversity of citizenship or a federal question, or those to which the United States is a party.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).  The removal statute, 28 U.S.C. § 1441 "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Limon-Gonzalez v. Kia Motors Am., Inc.*, No. 20-cv-4381-PA, 2020 WL 3790838, at *1 (C.D. Cal. July 7, 2020) (quoting *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of

United States District Court
Northern District of California

2

removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.    DISCUSSION

In the Notice of Removal, BMW asserts that the Parties are diverse and the amount in controversy exceeds $75,000. *See* Notice of Removal ¶¶ 3–20. In support of remand, Ang raises two issues. First, Ang argues that this Court cannot properly exercise diversity jurisdiction because BMW has not met its burden of establishing that the amount in controversy exceeds $75,000. Second, he contends that he lacks Article III standing. In response, BMW urges that the amount in controversy exceeds $75,000 and Ang's argument that he does not have Article III standing rests on a fundamental misunderstanding of his own claim.

### A.    Article III Standing

Ang contends that he lacks Article III standing because his individual claims are being arbitrated.[1] Mot. at 7–10. In opposition, BMW asserts that Ang's claim is not a request for a public injunction—however it is characterized in the Complaint—and his argument that he lacks Article III standing fails as a result. Opp. at 6–10.

Article III of the Constitution limits federal courts' jurisdiction to "Cases" and "Controversies." "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). To establish Article III standing "[f]or injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

A public injunction, as Ang seeks here, is "a creature of California law that 'has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public.'" *Rogers v. Lyft, Inc.*, 452 F. Supp. 3d 904, 919 (N.D. Cal. 2020) (quoting *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 951 (2017)). Public injunctions are brought by private plaintiffs

---

[1] Because "there is no mandatory 'sequencing of jurisdictional issues,'" the Court addresses the parties' arguments out of order and first analyzes Article III standing. *Sinochem Intern. Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

United States District Court
Northern District of California

United States District Court
Northern District of California

in an individual capacity. *McGill*, 2 Cal. 5th at 958–59. California law does not require that a private plaintiff seeking a public injunction "demonstrate any type of likely future injury, let alone a 'concrete, particularized, and actual or imminent' injury." *Rogers*, 452 F. Supp. 3d at 919 (quoting *Clapper*, 568 U.S. at 409).

Ang refers the Court to *Rogers v. Lyft* in support of his contention that he lacks Article III standing. Mot. at 7–10. There, the plaintiffs challenged the defendant's classification of its workers as "independent contractors" rather than "employees." *Rogers*, 452 F. Supp. 3d at 909–10. The plaintiffs agreed to arbitrate the availability of remedies specific to their injuries, but their public injunction claim was not subject to arbitration. *Id.* at 919. The court thus analyzed the issue of whether "plaintiffs can invoke federal-court jurisdiction to adjudicate only a request for a public injunction" and concluded, after a survey of California law and the Article III standing requirement, that "[t]he answer is no." *Id.* Because the purpose of a public injunction is to remedy a public wrong and Article III exists to redress an injury to the complaining party, although others may benefit, the court found that state authorization to seek a public injunction is not itself sufficient to confer standing. *Id.*

*Rogers* is on point and persuasive. As in *Rogers*, Ang's private remedies are subject to arbitration. *See* Gratch Decl. ¶ 2. Thus, as in *Rogers*, the remaining claim is the request for a public injunction. And like the plaintiffs in *Rogers*, Ang lacks standing. The Complaint alleges that Ang's car has already been repossessed and sold pursuant to the NOI. Compl. ¶¶ 7–9. The injunction Ang seeks would, if granted, impact how BMW's NOIs are prepared and issued in the future. *Id.* ¶¶ 13, 58. But Ang's car is gone and he has not alleged any facts demonstrating that he will—or even could—again be impacted by BMW's allegedly unfair business practices. As a consequence, he does not demonstrate any injury flowing from BMW's allegedly non-compliant NOIs that is "concrete, particularized, and actual or imminent." *Clapper*, 568 U.S. at 409 (citation omitted). To the extent BMW urges that the Court must determine whether Ang's Complaint requests a public, rather than private, injunction in connection with the Article III standing analysis, *see* Opp. at 6–9, the Court disagrees. Whether the injunction is public in nature is beside the point. Regardless of the character of the relief Ang seeks, the Complaint does not give rise to

Article III standing because the Car has been repossessed and Ang is not at an actual or imminent risk of a concrete injury resulting from BMW's asserted practice of issuing non-compliant NOIs. Having "agreed not to litigate claims for individualized relief but" instead "press[ing] on with a challenge to [BMW's] overall policy," Ang lacks Article III standing and cannot proceed in federal court. *Rogers*, 452 F. Supp. 3d at 920; *see also* Reply at 6 ("Ang is not requesting relief for himself.").

*        *        *

Having found that Ang does not have Article III standing, the Court concludes that this action is subject to remand and the Court need not consider the Parties' arguments regarding diversity jurisdiction.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand, ECF No. 9, is GRANTED.  The Court REMANDS this action back to state court.

Dated:  March 30, 2026

_____
BETH LABSON FREEMAN
United States District Judge